UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

CHRISTOPHER GRIFFIN, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

TROPSTAR LLC, a Florida Limited Liability Company,
d/b/a SPENCER'S CORNER BAR, and
RAYMOND STARNES, individually,

    Defendants.
_____/

## **COMPLAINT**

1. Plaintiff, CHRISTOPHER GRIFFIN (hereinafter referred to as "Plaintiff"), is an individual residing in Broward County, Florida.

2. At all times material to this Complaint, TROPSTAR LLC, a Florida Limited Liability Company, and RAYMOND STARNES, individually (collectively referred to as "Defendants"), have owned and operated a bar-restaurant doing business as SPENCER'S CORNER BAR located at 2390 Wilton Drive, Wilton Manors, Florida 33305 in Broward County, within the jurisdiction of the Court.

3. Defendant, RAYMOND STARNES, at all times material to this Complaint owned and managed TROPSTAR LLC, d/b/a SPENCER'S CORNER BAR, and Defendant STARNES regularly exercised the authority to hire and fire employees including Plaintiff, determined the manner in which Plaintiff and other employees were compensated, determined how Plaintiff and other employees' hours worked were tracked or recorded, set the rates of pay of Plaintiff and other employees, and/or controlled the finances and day-to-day management operations of TROPSTAR

LLC, d/b/a SPENCER'S CORNER BAR. By virtue of such control and authority, Defendant STARNES is an employer of Plaintiff and the other employees of TROPSTAR LLC, d/b/a SPENCER'S CORNER BAR, similarly situated to Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

4. Plaintiff brings this action on behalf of himself and other current and former non-exempt dishwashers, cooks and other restaurant employees of Defendants similarly situated to him, however variously titled, for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

5. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

6. All of the events, or a substantial part of the events, giving rise to this action, occurred in Broward County, Florida, within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

7. At all times material to this Complaint including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020, TROPSTAR LLC, d/b/a SPENCER'S CORNER BAR, have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief, and subject to discovery, that at all times material to this Complaint including during the years 2017, 2018, 2019, and 2020, TROPSTAR LLC, d/b/a SPENCER'S CORNER BAR, have employed two (2) or more employees who, *inter alia*, regularly: (a) handled, worked with, and sold foods and vegetables—including but not limited to, by way of example, lettuce, cheese, sour cream, crab, shrimp, mussels, chicken, turkey, onions, rice, and potatoes—which food products included items purchased from commercial vendors and have constituted goods and/or materials moved in or produced for commerce; (b) handled, worked

with, and sold beverages—including but not limited to sodas, beer, wine, and other alcohol—all of which beverages have constituted goods and/or materials moved in or produced for commerce; (c) handled and worked on kitchen and commercial equipment—including but not limited to an ovens, grills, and refrigerators—that were goods and/or materials moved in or produced for commerce; and (d) processed credit, debit, and/or electronic payments by and for Defendants' customers through banks and/or merchant services companies including but not limited to VISA and Mastercard.

8. Based upon information and belief, the annual gross sales volume of TROPSTAR LLC, d/b/a SPENCER'S CORNER BAR, was in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020.

9. At all times material to this Complaint, including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020, TROPSTAR LLC, d/b/a SPENCER'S CORNER BAR, has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

10. During the three (3) year statute of limitations period between approximately June 2019 and September 2019, Plaintiff performed non-exempt duties as a dishwasher for Defendants at SPENCER'S CORNER BAR, with Plaintiff's primary job duties consisting of washing dishes, cleaning, and receiving deliveries for Defendants' restaurant.

11. Throughout Plaintiff's employment with Defendants during the three (3) year statute of limitations period between approximately June 2019 and September 2019, Plaintiff regularly worked in excess of Forty (40) hours per week but Defendants failed to pay Plaintiff time and one-half wages for all of his actual overtime hours worked each week, with Defendants instead

paying Plaintiff straight-time wages in cash for his overtime hours each week.

12. Likewise, the other employees of Defendants who are similarly situated to Plaintiff regularly worked as non-exempt dishwashers, cooks and other restaurant employees, however variously titled, in excess of Forty (40) hours in one or more work weeks during their employment with Defendants within the three (3) year statute of limitations period between February 2017 and the present.

13. However, Defendants also failed to pay time and one-half wages for all of the actual overtime hours worked by the other non-exempt dishwashers, cooks, and restaurant employees, however variously titled, similarly situated to Plaintiff for all of their actual overtime hours worked within the three (3) year statute of limitations period between February 2017 and the present.

14. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt dishwashers, cooks, and restaurant employees, however variously titled, who worked for Defendants in one or more weeks between February 2017 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for Defendants at any locations.

15. During the three (3) year statute of limitations period between approximately June 2019 and September 2019, Plaintiff regularly worked as a non-exempt dishwasher for Defendants approximately five (5) days per week with start times of between approximately 10:00-11:00 a.m. and stop times of approximately 11:00 p.m., regularly working an average of approximately Fifty-Four (54) hours per week.

16. Subject to discovery, based upon Defendants paying Plaintiff at the regular rate of $10.00 per hour for all hours each week with straight-time wages in cash for his hours worked in excess of Forty (40) hours per week between approximately June 2019 and September 2019 and

Plaintiff being owed an average of approximately of Fourteen (14) overtime hours per week from Defendants during a total of approximately during a total of approximately Fourteen (14) work weeks at the half-time rate of $5.00 per hour [$10.00/2 = $5.00/hour], Plaintiff's unpaid overtime wages total approximately $980.00 [$5.00/hour x 14 Unpaid OT hours/week x 14 weeks = $980.00].

17. Based upon information and belief, while it is believed Defendants are in possession, custody, and/or control of records of some of the hours worked by Plaintiff and the other similarly situated non-exempt dishwashers, cooks, and restaurant employees, however variously titled, between January 2017 and the present, Defendants have failed to maintain accurate records of the all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by Plaintiff and other similarly situated employees during each week between January 2017 and the present as required by the FLSA, 29 C.F.R. §516.2(a)(7).

18. At all times material to this Complaint, Defendants had knowledge of the hours worked by Plaintiff and other similarly situated dishwashers, cooks, and other restaurant employees in excess of Forty (40) hours per week during the three (3) year statute of limitations period between approximately February 2017 and the present, but Defendants nonetheless willfully failed to compensate Plaintiff and the others similarly situated to him at time and one-half their applicable regular rates of pay for all of their overtime hours worked for Defendants, with Defendants instead accepting the benefits of the work performed by Plaintiff and the other employees without paying the time and one-half overtime compensation required by the FLSA, 29 U.S.C. §207.

19. The complete records reflecting the compensation paid by Defendants to Plaintiff and all other similarly situated non-exempt dishwashers, cooks, and restaurant employees, however variously titled, at during the three (3) year statute of limitations period between approximately February 2017 and the present are in the possession, custody, and/or control of Defendants.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

20. Plaintiff, CHRISTOPHER GRIFFIN, readopts and realleges the allegations contained in Paragraphs 1 through 19 above.

21. Plaintiff is entitled to be paid time and one-half of his applicable regular rate of pay for each hour he worked for Defendants as a non-exempt dishwasher in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately June 2019 and September 2019.

23. All similarly situated non-exempt dishwashers, cooks, and restaurant employees, however variously titled, of Defendants are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendants but were not properly compensated for working on Defendants' behalf during any work weeks within the three (3) year statute of limitations period between approximately February 2017 and the present.

24. Defendants knowingly and willfully failed to pay Plaintiff and the other non-exempt dishwashers, cooks, and restaurant employees, however variously titled, similarly situated to him at time and one-half of their applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week in numerous work weeks within the three (3) year statute of limitations period between approximately February 2017 and the present.

25. At all times material to this Complaint, Defendants had constructive and actual notice that Defendants' compensation practices did not provide Plaintiff and other non-exempt dishwashers, cooks, and restaurant employees, however variously titled, with time and one-half wages for all of their actual overtime hours worked between approximately February 2017 and the present based upon, *inter alia*, Defendants knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated employees, and instead failing to pay time and one-half wages for the overtime hours that Defendants knew had been worked for the benefit of Defendants.

26. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

27. Based upon information and belief, at all times material to this Complaint, Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and the other similarly situated non-exempt dishwashers, cooks, and restaurant employees, however variously titled, as a result of which Plaintiff and those similarly situated to him are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

28. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

29. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, CHRISTOPHER GRIFFIN and any current or former employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment against

Defendants, jointly and severally, TROPSTAR LLC, d/b/a SPENCER'S CORNER BAR, and RAYMOND STARNES, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated:  January 30, 2020             Respectfully submitted,

By:    **KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail:  employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Telephone:  (305) 901-1379
Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendants, **Tropstar LLC, d/b/a Spencer's Corner Bar, and Raymond Starnes**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

*/s/ Christopher Griffin*
Christopher Griffin (Jan 20, 2020)

**Christopher Griffin**